Good morning, Your Honors. May it please the Court, Kerry O'Neill for Appellant Charles Hampton. This case is about a former U.S. postal worker who was placed on disability retirement in 1987, who then dabbled in movie extra work for a couple of years in the late 1980s, and who has now been denied his disability insurance benefits because of that movie extra work. Over the nine years of proceedings, the case has been marred by the ALJ's failure to follow the language of the past relevant work regulation, the ALJ's violation of his duty to fully and fairly develop the facts on the record surrounding Hampton's past work as a movie extra, and the ALJ's unexplained and unreasonable reliance on the least favorable testimony, both from the vocational expert and Hampton. Thus, the ALJ's decision to deny Hampton his benefits should be reversed, as it rests on legal error and is not supported by substantial evidence. JUDGE LEBEN Do you challenge the finding that he's capable of doing light work? KERRY O'NEILL We do not challenge the finding that he's capable of doing light work. JUDGE LEBEN That's so. If we agreed with what you say and remanded the case, there'd be another hearing before V.E. who would say there are lots of jobs available to him in the economy because he can do light work, so he'd still be doing, he'd still be denied disability. KERRY O'NEILL Well, I don't believe that under the medical vocational grids and rules 202.04 and 202.06 that he could be found capable of performing other work. I believe both of the vocational experts at the first and second hearing testified that he had no transferable skills. And also under the grids, his past work of unskilled and semi-skilled work, plus his past education, high school and limited junior college work, well in the past. We have to recall that Mr. Hampton, because he's six years old, would actually mandate an entry of disability benefits. Hampton has three main points to present. First, the record shows, and the law supports the conclusion, that his past work as a movie extra was too briefly and sporadically performed, both on a daily, weekly basis, at an average of eight hours a week, and over time, at most two years, out of the relevant 15, to qualify as past relevant work under 20 CFR 404.1565 and the corresponding policy guideline SSRE2-62. JUDGE LEBEN How do we deal with the stipulation? KERRY O'NEILL Well, the stipulation is our second and alternative point. And we argue that the ALJ erred in accepting that stipulation for three reasons. The first is that it was, in essence, a stipulation to a legal conclusion. And it's a well-established law that the legal effect of admitted facts cannot be stipulated or controlled by counsel. The ALJ here was given a specific order on remand from the district court. And, in fact, even the appeals counsel, in sending the case back to the ALJ, also noted that there needs to be a full and fair development on the record of the facts regarding Hampton's past work as a movie extra. That didn't happen here because of the stipulation. JUDGE LEBEN It is sort of hard to fault the ALJ, though. I mean, it comes back on remand, counsel stands up and says, we're not going to present any case, and we stipulate. It's hard to fault the ALJ for accepting the stipulation, saying, no, I don't believe it. Put your client on the stand. And you'd think that probably if you followed his attorney's questioning, he'd  KERRY O'NEILL True. And prior counsel didn't question him on this point. But I think we have to recall, and as I pointed out in both the opening and reply brief, that these Social Security proceedings are non-adversarial in nature. Moreover, this circuit has case laws stating that even when the claimant is represented by counsel, the ALJ has a duty to fully and fairly develop the facts on the record because the hearings are not adversarial in nature. That case is the claimant was questioned, and there was testimony, and vocational expert testimony. It wasn't simply a case where there was no hearing. And so we rely on cases like DeLoren v. Sullivan and Brown v. Heckler, and even Corral v. Shalala states that when, even if the substantial gainful activity presumption is met, the ALJ's duty to develop the record still continues and exists. So we're arguing here that the remand order, coupled with this duty to fully develop the facts on the records, compels the finding that the ALJ erred in accepting the stipulation. Whether or not we characterize it as, you know, impermissibly accepting a stipulation to a legal conclusion or leaving to counsel a dispositive administrative finding reserved to the commissioner under 20 CFR 404.1527E, the result was this third error, which is in violation of this Court's rulings regarding the duty to develop the record. Third, even if the Court determines that Hampton's movie extra work was past relevant work, the ALJ nonetheless erred in relying on the vocational expert's conclusion that Hampton can return to it because it doesn't require his one significant limitation, which is overhead reaching. This conclusion, we argue, flatly contradicts the Dictionary of Occupational And it's also internally inconsistent. On the one hand, the ALJ stated that movie extra work does not require overhead reaching, and that is the testimony upon which the ALJ relied. On the other hand, in an earlier part in the records, he stated that it can require overhead reaching. So we point this Court to the persuasive opinion of the Eighth Circuit in Ratcliffe v. Heckler, where in such a situation where there was internally inconsistent vocational expert testimony, the ALJ did not discuss the testimony that was more favorable to the claimant, that a remand would be in order there as well. There's no doubt if you take the DOT regulations, I think your point's well taken. But here in the record, what we have is a vocational expert who says, well, I've been on a lot of movie sets, and I don't think it requires reaching, and uses the figure 5%. It's not stated where the 5% comes from, so I assume it's just an estimate. Even though that's pretty thin, why isn't that enough to sustain the opinion? Well, first of all, I'll point out about the 5% that the ALJ didn't rely on that in his decision. It's not even clear in that part of the transcript whether or not that 5% is a reference to movie extra jobs that require overhead reaching, or movie extra jobs that require frequent overhead reaching. Because I believe the VE says, are you asking me about the frequency? So that part of the record is unclear. But we argue that her opinion on that point, while well taken, is not sufficient, because it falls in line with Pinto v. Mastanari, where it's just a broad and generic refutation of the Dictionary of Occupational Titles, without any particularized distinction beyond her say-so. And this Court cautioned in Pinto that, especially that these sort of generic resolutions of conflicts between the vocational expert's testimony and the Dictionary of Occupational Titles really aren't sufficient. I think that, coupled with even the internal inconsistency in the VE's testimony, supports a finding here, this testimony was not substantial evidence to support the ALJ's conclusion that he could return to his past work as it's performed in the national economy. We have a little over two minutes left. Do you want to save some time for a bottle? Good morning, Your Honors. My name is Elizabeth Fair, and I represent Joanne Barnhart, the Commissioner of Social Security, in this matter. The district court determined that the ALJ complied with its own remand order. In so finding, the district court determined that the ALJ properly developed the record regarding the claimant's past jobs, and also that the ALJ properly considered the claimant's residual functional capacity, and whether or not that residual functional capacity allowed him to return to any of his past jobs. Despite the district court's finding of compliance, claimant now argues that the ALJ improperly accepted his stipulation that his past work as a movie extra constituted substantial gainful activity. Claimant likens that to a question of law. However, it's an administrative finding left to the Commissioner as are all application, is the application of all vocational factors in the substantial or sequential disability analysis. The district court, there's no, there is no authority that says an ALJ cannot accept a stipulation regarding relevant facts pertaining to vocational matters, as is what happened in this case. And I would also like to point out that the stipulation wasn't obtained in a vacuum. The ALJ noted that in order to save time, would counsel stipulate that the extra work but not the actor work was substantial gainful activity, and counsel eventually agreed to that stipulation. She didn't have to. She was an experienced disability attorney, and she knows that not only were the earnings above the presumptive level for substantial gainful activity, but the regulations also direct that in order for a job to constitute past relevant work, it has to have been done long enough for the claimant to have learned how to do it. And although claimant argues that his work was too sporadic or too on and off to constitute past relevant work, we'd point out that he has never argued that he didn't learn how to do that job, that it wasn't performed long enough for him to learn how to do it. And with respect to the 15-year prior period, it's we also would like to point out that the jobs don't have to be performed for a significant number of those 15 years. They just have to have been performed long enough for the claimant to learn how to do them, which is what happened in this case. The district court also determined that the ALJ properly relied on the vocational expert's testimony, and the V.E. noted that her testimony was based not only on the Dictionary of Occupational Titles, but also on her own professional experience, which she noted three times. Well, the experience contradicted the statements in the Dictionary of Occupational Titles. Correct. You conceded that. It seemed, my view of the record, and perhaps you have a different one, is that the vocational expert just pulled a 5% figure out of the air. I think she based that on her experience. Well, it certainly wasn't a statistical analysis. I mean, yeah, it probably wasn't perfectly accurate, but regardless, she unequivocally said he could return to the past relevant work as an extra. And whether or not 5% of all extra jobs include any overhead reaching, I don't think is particularly relevant when the Supreme Court has said a claimant can return to a past job even if it doesn't exist anymore. Or that the ALJ properly found that a claimant could return to a past job. No, I think the question is when you have the Dictionary of Occupational Titles saying that this is a component of the job and the VE saying it's not a component of the job, then you have to really scrutinize what the vocational expert says. And although the expert did say that at least she'd had some experience on the set, it just seemed to me that it was the foundation was fairly weak on that. Well, I would also point out that, I mean, this Court has held that an ALJ can rely on vocational expert testimony. For sure. Part of it in the Dictionary of Occupational Titles also cautions that its descriptions are broad and it might help to include local, more localized testimony regarding particular jobs in an area. And I would also like to point out that twice the ALJ asked Claimant's Counsel whether or not she objected to the vocational expert's qualifications, and twice she expressed no objection. And the District Court did address the issue of the reaching, which I would also point out, as the VE did, that frequent reaching doesn't include frequent overhead reaching. It includes reaching in all directions. And she found that the subset overhead reaching did not occur significantly in the past work as an extra. If he were not able to return to his prior job as an ALJ, does that mean that he's rated disabled to follow? I agree with my opponent that, yes, because of his age, he has to have been found with a light RFC, which no one challenges, he would have to be found to be able to return to one of his past jobs to be not disabled. Refresh me. Was there a restriction on his ability to sit? No. Everything but the overhead reaching and the ability to sit. I see this, yes, at least with Dr. Klein's analysis. Okay. What did he say in his testimony about overhead reaching? He didn't expressly address overhead reaching. He didn't address it? No. He didn't say that was part of his work? Correct. Or not required? Correct. Well, yes, he didn't address it at all. And I would also, another point that my opponent made is that there is conflicting vocational expert testimony in the record. There's also conflicting statements from the claimant regarding what he did at his past job. And it's the ALJ's duty to resolve those sorts of conflicts. And in this case, I think that the second V.E. who testified at length regarding the errors made by the first V.E. is enough to determine that the ALJ properly resolved the conflict. So in sum, I would like to say that the district court found that the ALJ complied with its own remand order. The ALJ did not err in accepting the stipulation. And the vocational expert properly explained the discrepancy between her findings and the dictionary of occupational titles. Any further questions? No. Thank you, Counsel. Thank you very much. Ronald. Your Honors, on the point about learning how to do the work under the past relevant work regulation, I'd just like to point out that our argument is that the briefly performed and off and on section of that regulation is a separate caution. It has to be heeded, especially here in this case, so as not to moot out the Social Security Administration's purpose of actually putting it into the regulation. Secondly, as to the conflict, SSR 00-4P states that when there is a conflict between the dictionary of occupational titles and the vocational expert's testimony, the ALJ must in his decision specifically state how he resolved that conflict. All we have in the ALJ's decision here is a statement of the conflict in and of itself, not how it was resolved. Secondly, that regulation and even a case that the Commissioner relies on, Johnson v. Shalala, show that in order for this, for an ALJ to rely on vocational expert testimony that conflicts with the DOT, there has to be particularized testimony about specific jobs. There have to be particularized distinctions and not brought in generic assurances that the conflict doesn't matter because the vocational expert says so. And again, I remind this Court of Pinto v. Masanari. Third, I'd like to just state that there's nothing in the record to suggest that this was localized testimony. There's nothing on the vocational expert's resume to even suggest that she was an expert in local Los Angeles movie extra work. Finally, Judge Schwartzer, on your question about whether or not the claimant ever testified about overhead reaching, no, he didn't. He was never asked. And this, we argue, goes again to the failure of the ALJ to fully and fairly develop the facts on the record. It's unclear whether or not Hampton can return to the past particular functions of his work as he performed it because we don't even know if it required overhead reaching. One question. As I recall the record, and you may be able to correct me if I'm wrong, what he found difficult in his job as an extra was the sitting. Is that right? Is that his testimony? In the first hearing, I believe that's what he testified to. Yes, the sitting was difficult. And that was before his surgery that he was referring to. But at the second hearing, he also specifically stated that there were many jobs that he couldn't do because they were too strenuous. And at AR 251, he testified that you have to be involved in whatever they say you have to be involved in. And that included whatever physical work that they tell you to do. And then I'm not sure if it's on that page or around page 252, the following page, where he testifies about the various physical movements that would sometimes be required, including carrying other people, lifting, running and jumping. Okay. So the Court has no further questions. Thanks. Thank you both for your arguments. And, Ms. O'Neill, we thank you for, I know you're taking this on as a pro bono project. You have the gratitude of our Court for doing this.
judges: Thomas, Gould, Schwarzer